**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WOODFIELD ACQUISITIONS,**

        **Plaintiff,**

v.                                    **Case No: 6:24-cv-717-PGB-DCI**

**FLORIDA INSTITUTE OF
TECHNOLOGY, INC.,**

        **Defendant.**

_____/

## **ORDER**

This cause comes before the Court on jurisdictional review.

**I.    BACKGROUND**

On April 17, 2024, Plaintiff Woodfield Acquisitions ("**Plaintiff**") filed this action against Defendant Florida Institute of Technology, Inc. ("**Defendant**") for breach of contract and conversion. (Doc. 1). Plaintiff subsequently filed an Amended Complaint in order to comply with the Local Rules regarding font. (Doc. 7). The Amended Complaint alleges the Court's power to hear this matter is premised upon diversity jurisdiction. (*Id.* ¶ 5). In support of such jurisdiction, Plaintiff alleges that Plaintiff is a limited liability company, that it is a resident of North Carolina, and that its principal place of business is in North Carolina. (*Id.* ¶¶ 5, 7–8). Plaintiff additionally alleges Defendant is a not-for-profit corporation, that Defendant is a Florida resident, and that Defendant is "principally located" at an address in Melbourne, Florida. (*Id.* ¶¶ 5, 8). Plaintiff further alleges that the

amount in controversy "exceeds $75,000, exclusive of interests and costs." (*Id.* ¶ 5).

## II.   DISCUSSION

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1).

Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). For diversity purposes, a limited liability company is a citizen of each state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Furthermore, an individual member's citizenship is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Residence alone is not enough. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Finally, in order to establish the citizenship of a corporate defendant, "the complaint must allege either the corporation's state of

2

incorporation or principal place of business." *Taylor*, 30 F.3d at 1367 (citing 28 U.S.C. § 1332).

While the Amended Complaint appears to establish the requisite amount in controversy required for diversity jurisdiction, it fails to provide sufficient information to establish the complete diversity of the parties. (*See* Doc. 7, ¶¶ 5, 7–8). Specifically, the Amended Complaint asserts that Plaintiff is a limited liability company. (*Id.* ¶ 7). However, the Amended Complaint fails to affirmatively allege the state of citizenship of each of the members of the limited liability company. (*See id.*). Repleader is necessary to cure these deficiencies.[1]

## III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUGED** that:

1. The Amended Complaint (Doc. 7) is **DISMISSED WITHOUT PREJUDICE.**

2. On or before April 30, 2024, Plaintiff may file a second amended complaint that cures the deficiencies outlined in this Order.

3. Plaintiff's failure to file a second amended complaint that complies with all applicable rules and law may result in the dismissal of this action without prejudice without further notice.

**DONE AND ORDERED** in Orlando, Florida on April 23, 2024.

---

[1] The Court also notes that the Amended Complaint alleges that Defendant corporation is "principally located" at an address in Melbourne, Florida. (Doc. 7, ¶ 8). Assuming that this address represents Defendant's "principal place of business," such should also be clarified on repleader. *See Taylor*, 30 F.3d at 1367 (citing 28 U.S.C. § 1332).

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties